# United States District Court
## For The Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| Joseph Finateri | Case Number: 3:04cr36-1 |
| | USM Number: 29588-112 |
| | Len G. Kornberg |
| | Defendant's Attorney |

THE DEFENDANT:

| | |
|---|---|
| X | pleaded guilty to count(s) <u>1ss</u>. |
| __ | Pleaded nolo contendere to count(s) which was accepted by the court. |
| __ | Was found guilty on count(s) after a plea of not guilty. |

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18: U.S.C. 371, 1341 and 1343 | Conspiracy to Defraud the United States | March, 2000 | 1ss |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

| | |
|---|---|
| __ | The defendant has been found not guilty on count(s) . |
| X | Count(s) <u>remaining counts</u> (is)(are) dismissed on the motion of the United States. |

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 9/5/07

*/s/ Richard L. Voorhees*

Richard L. Voorhees
United States District Judge

Date: September 26, 2007

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>TWENTY THREE (23) months on Count 1ss</u>.

X  The Court makes the following recommendations to the Bureau of Prisons:
   That the Defendant participate in the Substance Abuse Treatment Program, and if eligible receive benefits of 18: U.S.C. 3621(e)(2)
   That the Defendant participate in the Inmate Financial Responsibility Program to support his children and pay his assessment (or financial obligations)
   That the Defendant be designated as close to Las Vegas, NV, as possible and to a facility that is consistent with his security classification.
   Report after February 2, 2007

☐  The defendant is remanded to the custody of the United States Marshal.

X  The defendant shall surrender to the United States Marshal for this district:

   X  After February 2, 2008
   ☐  As notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  Before 2 pm on .
   ☐  As notified by the United States Marshal.
   ☐  As notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

United States Marshal

By
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) years on Count 1ss</u>.

☐ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ADDITIONAL CONDITIONS:

Defendant: Joseph Finateri  
Case Number: 3:04cr36-1

Judgment-Page 4 of 5

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $100.00 | $0.00 | $14,038,382.30 |

**FINE**

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

___ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_X_ The interest requirement is waived.

___ The interest requirement is modified as follows:

**COURT APPOINTED COUNSEL FEES**

___ The defendant shall pay court appointed counsel fees.

___ The defendant shall pay $_____ Towards court appointed fees.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ___ Lump sum payment of $ _____ Due immediately, balance due

___ Not later than _____ , or  
___ In accordance ___ ©, ___ (D) below; or

B ___ Payment to begin immediately (may be combined with ___ ©, ___ (D) below); or

C ___ Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after the date of this judgment; or

D _X_ Payment in equal _Monthly_ (E.g. weekly, monthly, quarterly) installments of $ _150.00_ To commence ___ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

___ The defendant shall pay the cost of prosecution.  
___ The defendant shall pay the following court costs:  
___ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Caren Abdela | $1,000.00 |
| Edwin Achenbach | $100,448.50 |
| Roy Aldrich | $123,485.00 |
| Fischer All | none reported |
| Thomas E. Allen | $5,187.00 |
| Lance T. Ammon | $15,345.50 |
| Charles Anderson | $60,000.00 |
| David N. Andres | $22,189.00 |
| William Angel | $138,759.00 |
| John Armitage | $91,635.00 |
| John Auffet | $30,000.00 |
| Robert Aures | $63,704.12 |
| Jerry Baker | $112,727.00 |
| Glenn Bange | $5,495.00 |
| Jim Barkley | $6,500.00 |
| Barbara Barrett | $32,151.43 |
| William Bassett | $25,000.00 |
| Alan Bates | $43,694.00 |
| Kenneth Bench | $32,000.00 |
| Ken Blank | $68,514.00 |
| Matthew Blank | $19,252.00 |
| Earl Blosser | $4,864.94 |
| Bruce Bond | $60,000.00 |
| James Bohlen | $40,300.00 |
| Michael Bongo | $76,900.00 |
| Peter Bores | $14,574.00 |
| Dwight Bowden | $11,378.00 |
| Paul Brakeman | $3,896.00 |
| Roger Bruce | $1,000.00 |
| Geraldine Butts | $40,250.00 |

| Name | Amount |
|---|---|
| Joyce Candito | $30,100.00 |
| Joseph Cantrell | $40,157.00 |
| Vera Carter | $7,558.00 |
| James Chesney | $11,500.00 |
| Jack Christensen | $60,000.00 |
| Dennis Christopherson | $8,618.00 |
| Bonnie Cooper | $45,980.50 |
| William Counter | $77,318.00 |
| Carl Couret | $30,984.00 |
| Donald Cox | $7,000.00 |
| Frederick Cox | $22,924.00 |
| Robert Crane | $4,500.00 |
| William Crozier | $22,028.00 |
| Keith Davenport | $29,604.56 |
| Donald Day | $77,736.73 |
| David Detweiler | $214,494.24 |
| Richard DiMarco | $17,957.00 |
| Ron Dittrich | $20,000.00 |
| Shawn Dooley | $7,000.00 |
| John Dryer | $12,225.00 |
| Wayne Durham | $978,105.00 |
| Walter Dymock | $10,932.86 |
| John Eilers | $299,807.00 |
| Russell Evans | $29,160.00 |
| Robert Fassbender | $14,307.00 |
| Allen Fischer | $11,876.00 |
| Patty Fleming | $13,740.00 |
| Delbert Foust | $30,188.00 |
| Merlin Fulton | $241,166.00 |
| John Ganser | $208,000.00 |
| Wayne Gardner | $14,800.00 |
| Dan Gilliam | $10,466.00 |
| J.T. Glovier | $8,000.00 |
| Tudy Goedeke | $12,798.00 |
| Arnold Goldberg | $70,000.00 |
| Richard Gotzion | $65,290.00 |
| Jeffrey Grandusky | $56,794.15 |

| Name | Amount |
|---|---|
| Earl Greenwald | $35,000.00 |
| Frederic Grover | $92,250.00 |
| Kevin Habeck | $119,330.51 |
| Robert Hamilton | $145,648.30 |
| Paul Hammersmith | $31,565.39 |
| Judith Haw | $10,889.00 |
| Robert M. Hayes | $50,000.00 |
| Kenneth Hecschen | $40,000.00 |
| Jerry Henry | $6,000.00 |
| George Hicks | $8,314.00 |
| Edward Horta | $9,631.00 |
| Jack Hoy | $61,604.50 |
| Clark Hubbard | $15,218.00 |
| Richard Isaak | $166,845.00 |
| Roman Iskiw | $8,474.00 |
| Isabella Johnson | $124,731.00 |
| Robert Johnson | $53,050.50 |
| Leon Jones | $34,930.00 |
| Jerry Jones | $5,448.14 |
| Don Kalscheur | $300,000.00 |
| Russell Karstetter | $30,156.00 |
| Harold Keck | $5,400.00 |
| Glenn Kinch | $4,232.00 |
| Dorothy Kite | No Response |
| Kenneth Konzen | $11,587.00 |
| Larry Koontz | $13,876.00 |
| Neil Koshak | $32,455.00 |
| Steven Krahenbuhl | $5,460.00 |
| John Krehbiel | $68,410.00 |
| Robert Kruse | No Response |
| John Kunefke | $10,988.00 |
| John Lang | $114,549.00 |
| Robert Larsen | $82,000.00 |
| Terry Larson | $40,924.00 |
| John Latorre | $12,000.00 |
| Doug Lentz | $63,275.00 |
| Howard Lewis | $45,825.00 |

| Name | Amount |
|---|---|
| Raymond Lobato | $598,480.00 |
| Gordon Loux | $80,000.00 |
| Petery Lowry | $116,461.00 |
| Carl Lundgren | $187,540.80 |
| Andy Machiela | $75,150.00 |
| Bruce Maclean | $4,200.00 |
| Sanford MacNamara | $17,000.00 |
| Bruce Martin | $5,258.00 |
| John Mason | $103,358.00 |
| James Mayes | $24,812.00 |
| Glen McAfee | $48,000.00 |
| Gary McAneny | $10,605.00 |
| Donald McCarthy | $112,656.00 |
| Tom McCormick | $25,625.00 |
| John McGrath | $42,475.00 |
| Bob Mestressat | $30,000.00 |
| Charles K. Miesfield | $27,133.00 |
| Jerry Morris Miller | $456,873.00 |
| Anthony Minisale | $61,071.00 |
| Mildred Morgan | $7,000.00 |
| Michael Morley | $35,809.00 |
| Robert Morris | $12,000.00 |
| Milton Mosall | $78,836.00 |
| Robert Moss | $13,842.00 |
| Victor Mroczka | $13,000.00 |
| Shirley Navey | See Mildred Morgan |
| Oleg Nedzelnitsky | $18,417.61 |
| Isac Ngatai | $12,268.00 |
| Douglas Niggermann | $119,017.99 |
| David Nystom | $197,348.00 |
| Janet Oberle | No Response |
| Guy Ott | $166,291.00 |
| Fred Palmer | $18,987.00 |
| Larry Parks | $41,826.00 |
| Janet Pendleton | $150,000.00 |
| Ruth Peterson | $65,129.00 |
| Bob Phillips | $14,878.00 |

| Name | Amount |
|---|---|
| Stan Poff | $96,646.00 |
| Wiley Pollard | $3,100.00 |
| William Potts | $7,000.00 |
| John Povlich | $20,000.00 |
| Lanora Powers | $10,000.00 |
| Henry Quenneville | $49,289.96 |
| James Reed | $105,732.50 |
| Robert Reed | $121,014.00 |
| Richard Revenal | $40,743.50 |
| Patrick Rewa | $16,702.55 |
| Lee Rhinesmith | $118,065.00 |
| Richard Robinson | $12,191.00 |
| Richard Roy | $7,757.00 |
| David Schaefer | $8,772.00 |
| Daniel Schmidtknecht | $3,920.00 |
| Myron Schoonover | $9,398.00 |
| David Schrock | $31,711.50 |
| Matt Schumacker | $11,473.00 |
| John Schweinsburg | $60,478.00 |
| Mervin Selvidge | $72,093.00 |
| James Sensenig | $16,408.49 |
| John Sharp | $18,811.00 |
| Carson Shepard | $40,000.00 |
| George Sivess | $4,093.00 |
| Marshall Spear | $10,383.00 |
| Robert Steinruck | $242,302.50 |
| Graeme Stewart | $10,000.00 |
| Dennis Stock | $521,237.85 |
| Mark Suber | $56,000.00 |
| Wes Swift | $5,000.00 |
| Valerie Tannehill | $2,425.00 |
| Diane Tasevski | $49,640.00 |
| Frank Thomas | $1,800.00 |
| John Timm | $85,000.00 |
| Judge Tindall | $105,990.00 |
| Sandi Tolsen | $5,200.00 |
| George Tomlinson | $9,513.00 |

| Name | Amount |
|---|---|
| Robert Vail | $25,769.00 |
| Daniel VanBogart | $110,000.00 |
| Robert Viscusi | $30,000.00 |
| James Voth | $289,561.00 |
| Theodore Wachta | $77,628.00 |
| Warren Walsh | $13,275.00 |
| Kenneth Watson | $6,531.00 |
| Cecil Weaver | $9,375.00 |
| George Weaver | $249,461.00 |
| Colin Webb | $60,000.00 |
| Keith Wedin | $9,600.00 |
| Dennis Weirich | $375,741.28 |
| Elvin Whelchel | $32,900.00 |
| Kenneth Willison | No Restitution Requested |
| Cheryl Wilson | $10,900.00 |
| John Wilson | $7,239.00 |
| Robert Wilson | $26,565.00 |
| Wesley Wiseman | $46,275.00 |
| John Witmer | $32,465.00 |
| Larry Woodruff | $39,244.00 |
| Keith Wolf | $17,523.00 |
| Dr. Luke Yip | $1,518,660.00 |
| Sandra Zakrewski | $35,000.00 |

__X__  The defendant is jointly and severally liable with co-defendants for the total amount of restitution.

____  Any payment not in full shall be divided proportionately among victims.